Patrick O'Rourke, Counsel for Appellant Tico Construction Company, Inc. And Michael G. Norwood, Counsel for Appellee Jason Philip Powell. All right. Please go ahead. Do you want to reserve some time for rebuttal? Yes, Your Honor. Five minutes. Five minutes, thank you. Please go ahead. My name is Patrick O'Rourke on behalf of Tico Construction Company, Inc. I refer to them as Tico going forward. I'm here today talking about the intersection of Section 109E and Section 1307 of the Code and how they interact primarily. This case originated in the 2nd Judicial District Court in the state of Nevada just down the street over 12 years ago. And a judgment was entered against Mr. Powell who did not show up for his arbitration hearing after moving to compel arbitration. That judgment has been renewed twice since then. And only recently on the eve of a judgment debtor's exam, Mr. Powell filed his petition for bankruptcy under Chapter 13. Chapter 13 is unique because it's completely voluntary and it enjoys some additional rights and privileges. And to qualify for Chapter 13, it has some pretty stringent guidelines on unsecured and secured debt limits. Section 109E acts as the gatekeeper to who may proceed under Chapter 13 after commencing a case under Title 11. At the time of this petition date, the unsecured debt limit was $419,275 under Section 109E. And so when Mr. Powell completed his schedules, he carefully and creatively scheduled many of his debts as fully secured. And then in Column C, he listed the undersecured amount of the debt as the entire amount. And then he listed all of his property on Schedule C as fully exempt. So in reality, he listed all of his unsecured debts as secured debts in order to appear that he qualified for a petition under Chapter 13. It took some time to go through and untangle exactly what he had done and determine the value of these things. But the value of all these debts and assets was readily available to him at the time of the petition. And Tyco believes that he knew exactly what he was doing, specifically because he wanted to take advantage of the creative rights afforded to a Chapter 13 debtor. Isn't the Nichols case your biggest hurdle you have to get over? Because eligibility is not explicitly built into 1307B, right? Correct. I think that's where the question that's novel somewhat to the Ninth Circuit comes into play. Because 1307B is reserved to a debtor under Chapter 13. And the Nichols case said that under Section 105, the court cannot write in a bad faith condition to be able to move for dismissal under 1307B. But they didn't really touch on the issue of whether or not someone who's unable to be a Chapter 13 debtor can exercise rights. Let me follow up on Judge Ferris' question then. If the lesson from Nichols is we're not going to write some sort of good faith requirement in there, your comments about what you might think to be the manipulative way that the debtor did, why would they matter? They would matter to the extent that he's not a debtor under Chapter 13. But they don't matter as in his nefariousness, right? Not in the context of dismissal, but in the context of the court deciding what would be in the best interest of the estate, of the debtor, of the creditors. Assuming we get to make that decision, or anybody does. By the way, I was on the panel with Nichols with Judge Taylor. We were a little surprised, but you know, the Ninth Circuit is the Ninth Circuit, and they told us what to do. I was surprised as well. And I think this is, I mean, Nichols, they actually mentioned that there are other mechanisms in the code to enforce fraud and bad faith behavior. And I think this is exactly one of those mechanisms that we're talking about, where if someone is not able to be a Chapter 13 debtor, Nichols actually counsels in favor of this argument, because you can construe Section 109 very strictly, and it says, only someone with unsecured debt under $419,275 as of the petition date may be a Chapter 13 debtor. Are you saying that somebody who is ineligible and files a petition and checks the Chapter 13 box isn't really a debtor at all? I mean, what is the status of a person who is ineligible but has filed a petition under Chapter 13? So they are a debtor, and various courts have dealt with that, where they find that invoking the court's jurisdiction under Title 11 makes them a debtor. And if they don't qualify under the chapter they've selected, there are numerous mechanisms for the court to move them to a chapter, or they're able to administer the case in the way that they see is most equitable, in best interest of the debtor, the estate, and the creditors. But I think the implication of that is they are in Chapter 13 until they're moved out of it, correct? Correct, Your Honor. This is a very similar issue that occurred in a case from Michigan. It was Henry Kwiatkowski that we had cited in our briefs, and the debtor did a very similar scheduling trick where he scheduled secured assets as unsecured or unknown, and a creditor, ultimately a trustee, raised the issue at the plan confirmation hearing, and the court held that Section 109E eligibility was so fundamental to a Chapter 13 case that it could be raised at any time prior to plan confirmation. And once it was raised, they had to halt the proceedings. The debtor could not proceed any further to exercise any further rights of a Chapter 13 debtor. At that moment, when it was brought to the court's attention that a creditor had objected and said, wait, he's not qualified to proceed under this chapter, then the court had a decision to make. Do they let him move to convert, or do they dismiss with conditions? And they considered conditions such as making him pay the attorney's fees, a creditor's counsel for going through a wasted two-year bankruptcy. The court in this case, the bankruptcy court, felt that they could not consider those types of issues because they were bound by Nichols to simply dismiss without any consideration at all, and I think that was the abuse of discretion specifically. So the cases you're talking about, you've got what you've described as a devious debtor. So is that a requirement for your analysis, they have to be devious? Because there's plenty of situations that occur where debtors file Chapter 13s, they check the box, and they actually turn out later to be ineligible. We don't dismiss those cases where they thought they were eligible, but they weren't. We don't dismiss those, and we don't convert them. So how does that fit into your argument? I don't believe it's a requirement, but I believe it's definitely in the court's discretion at that point. Once a creditor or the trustee checks, then the court can consider halting proceedings and not allowing the debtor to move forward exercising those rights, like the right to an unconditional dismissal. But 1307C is written a little differently. It says that any party of interest can move to convert the case, not just a debtor under Chapter 13. So if the court were to find that the debtor was not actually a debtor under Chapter 13 because someone had actually raised that objection, then they're able to use their discretion to convert under 1307C, where the nefariousness is a relevant factor in that consideration. Is there a basis in the code for this process you're describing of stopping the proceedings when an objectionary eligibility is met? There is. The Totsies case that we cited also touched on that, where nearly every chapter in the code contains mechanisms really showing the congressional intent that the court have the ultimate discretion to be able to move a case from one chapter to another when they find that that is necessary in the interest of justice or to preserve fairness of the bankruptcy system to prevent a debtor from proceeding when they're clearly not able. There are plenty of cases where no one objects and the plan is confirmed, and at that point it becomes a final order and no one can object going forward. So I think if nobody objects, that would be the deciding factor there. It's crucial for this case to proceed in bankruptcy and be transferred to a different chapter under the code because this debtor has shown that it's really necessary to have a trustee overseeing his assets. He's worked tirelessly to transfer assets. I've got to stop you there. Chapter 13 trustees do not really oversee assets. So if that's what you're hoping for, you're going to be disappointed. We're hoping for conversion to a Chapter 7 and a liquidation because he can't proceed under Chapter 13 any further, or at least for the judge to make that consideration and say, well, should we convert or should we dismiss while imposing conditions? We believe he's just going to refile as soon as the time for his homestead exemption has run, or he can claim the homestead exemption now because there's no condition imposed on him refiling under another chapter. When he initially filed, he was short of the 1,215-day window in Section 522P, so he could only claim the federal homestead exemption. So he used that year to allow his time that he had owned this property to accrue, where now he can simply refile and claim the full Nevada state homestead exemption to really work over a number of creditors. He's transferred other of his most valuable assets during the pendency of this case. He was a half-owner of a construction business that filed its own. Those are all arguments about bad faith, which Nichols teaches us don't matter when it's a voluntary motion, right? No, those only come into play in the decision of whether or not the court should convert or dismiss if they later reach that analysis under 1307C. But ultimately, the decision for the court today is whether or not he may even proceed to exercise any rights under Chapter 13, such as the right to unconditional dismissal under 1307B at all. You're close to the five-minute mark, just as a reminder. I'll go ahead and reserve my time to reply there. Okay. All right. Thank you. Thanks, Harry. Go ahead. May it please the court. Michael Millward on behalf of employee Jason Powell, the debtor in the case. The issue in this case, as framed by appellant, that Section 109E prevents the debtor in this case from proceeding to ask the bankruptcy court to move to dismiss his case under 1307B is not a new argument. It's an argument that's been made before. It was made in the Tatsis case. Actually, in response to the creditor's belief that the motion happened automatically, it was made in Wenberg as well, as well as the—I'm going to get the name wrong. I've done it a few times—the Kwiatkowski case. But all of those cases ultimately decide, at least those three, that the debtors have rights, and that 1307B or 1307A, like in Kwiatkowski, 1307A, is utilized to— the debtor has the right to utilize 1307A to convert the case. Do you dispute that Powell was ineligible under 13, that he did not meet the debt limits? We do, and that determination has not been made. And, in fact, the claims in the case do not exceed debt limits. I understand that's not the threshold, but it does prove that there were not claimants seeking recovery. You mean the proofs of claim filed don't hit the limit? Is that what you're saying? That's exactly right. Okay. Exactly right. What I think is important for the court to consider, and really it's going back to Nichols, because Nichols—and I don't know that this has been addressed thoroughly in either side's paperwork. In the conclusion written by Appellant to their reply brief, they state that the debtor seeks to extend Nichols beyond the decision the opinion actually holds. And, really, in fact, the facts of Nichols are amazing. We've got a debtor here that is a criminal. I mean, I looked up the debtor. The debtor's now been charged and found guilty of a crime and sentenced. So this criminal is in front of the bankruptcy court, filed the petition, then had a criminal proceeding brought against the debtor, and then tries to back off and not participate. Doesn't show up at a 341 meeting, doesn't file tax returns required by 1308, and in a way participates. And so the bankruptcy court is then presented by the debtor with this motion to stay the bankruptcy proceedings while the criminal matter proceeds. And the bankruptcy court ultimately determines that while the debtor hasn't complied with 1308 and should be either dismissed or converted, and that the debtor has acted in bad faith. And so we've got under Nichols an ineligible debtor that's not complied with 1308 and is subject to conversion or dismissal. And so the debtor asks for 30 more days at the second hearing on the issues. And the bankruptcy court determined in Nichols, okay, we'll give you 30 more days. You can file your tax returns and present a plan that's confirmable. And then we'll let you move forward. The debtor files a motion to dismiss as a matter of right under 1307B. And the bankruptcy court ultimately says that's not okay. You're a bad fat debtor. We're going to force you into a Chapter 7. Obviously, the BAP agreed with the bankruptcy court. But then the Ninth Circuit said, wait, the debtor has an absolute right. And so I think the reason as well, then, is we've got an ineligible debtor in Nichols as well who is someone that hasn't complied with the code, that never filed a tax return. But that's not 109E eligibility, right? It is not. But I don't know that there's any distinction. The 1308 says that the debtor can't proceed in 13. They can't proceed. There's no way. There's nothing wrong with that debtor having filed a petition. It's the debtor's post-petition non-performance makes it impossible to go forward. But the debtor was entitled to start the case and could have gone forward if he had done everything right in Nichols, correct? Right, and that is the distinction, and I understand that distinction. But ultimately, I think that what's important is the Ninth Circuit said, even in the face of all this bad faith, where the debtor is trying to ultimately prevent information coming out that would negatively affect their criminal proceeding, and where the courts already looked at converting and dismissing the case, and 1307E says that when the courts should consider that, it's supposed to consider the best interest of the creditors and not just whether the debtor has a right under 1307B to dismiss. And so even in light of all that, the Ninth Circuit Court of Appeals decided that the debtor's rights to dismiss are absolute. And that it doesn't matter. The debtor is a Chapter 13 debtor, has the right to dismiss the case. And so I think that's really important for this court to consider when looking at this issue. In prior courts, for example, like the Winberg decision, the issue was not necessarily whether the debtor had the right to seek dismissal, but whether or not the court had jurisdiction once it was determined that the debtor didn't qualify. With the decision that this court's faced with, the court does not have a decision by the bankruptcy court in front of it saying that this debtor doesn't qualify. That would ultimately have to be decided if the court thought it was necessary, under the circumstances for the debtor to utilize 1307B in dismissing the case. With regards to the arguments about bad faith, I could present a number of points in the record to refute the allegations that my client believes are unfounded. I don't want to waste this court's time in doing so because it's irrelevant under Nichols. It truly is. To pull back the opinion, I think, in Nichols and create, I think, a requirement that under 109E, once disqualification is found, the debtor loses the right to seek dismissal, there would have to be some creative requirement that I can't see in the code and in light of Nichols that would allow the court to do that. I know of no such provision in the code, and I don't believe that there's been at least a clear argument as to any such requirement. Sorry. Am I right that TECO did not move to dismiss the case before your client did? They didn't move to convert or dismiss the case. My client filed first. That's right. That's all that I have. Thank you. Any questions? Thank you. Okay. Thank you very much. Thank you. All right. Mr. O'Rourke, you've got, I think, a little over five minutes. Five minutes and a few seconds. Thank you, Your Honor. Just to respond to some of those points, in the exhibits of record at 0410 to 0411, we actually provided a summary table of all the debtor's debts at the time of the petition showing that they actually exceeded $550,000 if you didn't consider his homestead exemption at all that he claimed. But he did claim a homestead exemption, which the Scovis v. Henriksen case actually says should be deducted. So that puts his debt limit far over almost $800,000 in unsecured debt as of the petition date. So he was nearly double the limit, which is all clearly laid out in the table and verified by later files. There's a second step to that, right? You'd have to show that the scheduled amounts of the debt were made in bad faith, right? And we laid that argument out there as well in the preceding and following pages of our motion to convert the case in the underlying court. And just to respond to Nichols, they relied on the case law at the time, which was binding precedent before the law v. Siegel decision was implemented by the Ninth Circuit. So no one actually objected to the debtor standing to be a Chapter 13 debtor at the time because they believed they had a bad faith condition to impose on the 1307B dismissal. So that issue was never really litigated in Chapter 13. They believed that Rawson dictated that result, right? Correct. So what the Ninth Circuit told us is Rawson really isn't good law after law v. Siegel. Exactly. So they only relied on that, the applied good faith condition to 1307B, but they never really litigated the eligibility of the debtor to proceed under Chapter 13 at all because he was not qualified as of the petition date. That is probably the largest distinguishing factor between Mr. Powell's case and Nichols' is that here we have a challenge to his eligibility as of the petition date that he, we assert, was aware of, and he proceeded anyway. Whereas in Nichols, he failed to file tax returns, he didn't cooperate, but ultimately he was qualified as a Chapter 13 debtor as of the petition date, and nobody raised any objection to his eligibility at all going forward. Had anybody raised an eligibility objection to Mr. Powell's case before he moved to dismiss? Yes, actually the trustee had filed a motion prior to Mr. Powell's motion to convert or dismiss, and Mr. Tyco Construction actually joined the trustee's motion afterwards, but it preceded Mr. Powell's motion to dismiss. Was that based on eligibility? I believe it was based on his failure to comply with the rules, not based on eligibility on schedules at the time of filing. Not the debt limits, right? No, but that took some detective work to really figure out the way he had done it. It wasn't apparent just at first glance, and like you say, the Chapter 13 trustee is not enforceable. But again, nobody's ruled on that either, right? Correct, and we believe that's really the abuse of discretion, is that the court felt that they couldn't address that, and they just had to unconditionally dismiss the case, whereas Tyco has asserted that once that's been brought to the court's attention, they are able to consider his eligibility prior to granting his unconditional motion to dismiss, and if they find that he's not a Chapter 13 debtor, then the court does have authority under Section 1307C to sui spani, convert the case to one under Chapter 7, and allow it to proceed where a trustee would be able to supervise those assets. It's necessary almost for the court to consider that. If they don't, it's essentially laid out a roadmap with Nichols where any debtor can simply just check the box for Chapter 13 and say, hey, I can cause my creditors to incur hundreds of thousands of dollars in additional debt, trying to collect on a lawful valid judgment. I can have the benefit of the automatic stay. I can commit any kind of bad faith transaction I want or a fraud, and the moment the bankruptcy court tries to hold me accountable, I have the right to unconditionally dismiss my case. Or convert to an 11, which might be your nightmare. I would even take that over the alternative dismissal, where as soon as we got back to state court, Mr. Powell filed a motion to set aside his 12-year-old judgment because he claims he never looked at the docket for 12 years, and just now realized that he actually should set it aside. Of course, just in terms of preferring the 11, I would take that over the alternative. Let's see. Yeah, we definitely laid out how his debt succeeded the debt limit for 13, and the court never even addressed any of those debts. She said that she felt she was bound by Nichols, where she's not even able to consider whether or not he exceeded the debt limit, or whether or not he is a Chapter 13 debtor, which essentially would extend Nichols to say that anyone who checks that box automatically enjoys that right throughout the duration of the case, and there's really no check or no ability of the court to actually make that determination under 1307C. I think you've just expended your time, so thank you very much. Thanks to both sides for good arguments.
judges: Faris, Lafferty, Brand